EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00367-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| vs. | ) | DEFENDANT'S THIRD MOTION TO |
| | ) | COMPEL DISCLOSURE |
| | ) | |
| MARIA D. BARNES,       (01), | ) | |
| | ) | |
| | ) | Date:   February 16, 2006 |
| Defendant. | ) | Time:   10:15 a.m. |
| _____ | ) | Judge:  Hon. Kevin S.C. Chang |

UNITED STATES' RESPONSE TO DEFENDANT'S
THIRD MOTION TO COMPEL DISCLOSURE

Previously the defendant sought the early release of Giglio material which the United States has agreed to provide on the Friday prior to trial.  The Court by written order on December 19, 2005 and on January 6, 2006, denied the defendant's two previous requests.

The United States advised the defendant that plea agreements with Mr. David Espinal in United States v. Espinal, Cr. No. 02-00176 DAE were a matter of public record. The United States will provide on the Friday prior to trial as Giglio material any written plea agreement with other cooperating defendants. The United States believes that co-defendant George Callender will plead guilty pursuant to a plea agreement before United States Magistrate Judge Kevin S.C. Chang on February 23, 2006 at 2:00 p.m. At that time Mr. Callender's memorandum of plea agreement will be available as a public record. The United States will provide a copy of the criminal history and conviction records of government witnesses as Giglio on the Friday prior to trial. The United States declines to provide a copy of any cooperation conduct agreement it may have with cooperating defendants as such documents are not Giglio material and do not show entrapment. The United States will advise the defense if any government witnesses have been paid while acting as an informant, the United States believes such information qualifies as Giglio material.

The United States declines to provide debriefing reports or statements as they do not qualify as Jencks material. The United States has previously disclosed that there is no known Brady material as to this defendant and has found no Brady

material as to this defendant in CID Agent Orlando Barquie's report file.[1]

The defense request for the Court order and supporting affidavits seeking the authorized electronic surveillance is irrelevant since the recorded conversations were accomplished with the consent of one party to the conversations.  Under the wiretap statute - Title 18, United States Code, Section 2511(2)(c) - it is not unlawful for law enforcement agents to intercept oral communications with the consent of a party to the communications.  Thus, no electronic surveillance orders were needed.

## CONCLUSION

The United States submits that the defendant's request should be denied.

DATED:  February 15, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Thomas Muehleck
   THOMAS MUEHLECK
   Assistant U.S. Attorney

---

[1] 1. This Court directed the United States on January 6, 2006 to review Agent Barquie's file.  The defendant was advised on January 26, 2006 of the negative findings resulting from that review.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

    ARTHUR E. ROSS                          February 15, 2006
    Attorney at Law
    126 Queen St., Suite 210
    Honolulu, HI 96813

    Counsel for defendant
    MARIA D. BARNES

                                                <u>/s/ Rowena N. Kang</u>