ARTHUR E. ROSS  #1005
126 Queen Street, Suite 210
Honolulu, Hawaii 96813
Telephone (808) 521-4343

Attorney for Defendant
MARIA D. BARNES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00367 DAE |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION TO COMPEL DISCLOSURE |
| vs. ) | OF INFORMATION REGARDING |
| ) | COOPERATING WITNESS AND |
| MARIA D. BARNES,         (01) ) | DEFENDANTS AND DISCLOSURE |
| GEORGE CALLENDER,   (02) ) | OF INFORMATION FILES; |
| ROBERT CRUZ and          (03) ) | CERTIFICATE OF SERVICE |
| SANFORD JACOBSON,   (04) ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | Judge: Kevin S. C. Chang |
| ) | Date:  February 16, 2006 |
| ) | Time:  10:15 A.M. |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE
OF INFORMATION REGARDING COOPERATING WITNESS AND
DEFENDANTS AND DISCLOSURE OF INFORMATION FILES

This request should be understood as including a demand for production of

the IRS's internal cooperating witness, cooperating defendant file(s). The

1

undersigned understands that in its course of business, the IRS typically maintains a file on each cooperating witness, cooperating defendant and confidential informant used by the agency. That file contains an assortment of information that is discoverable under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. More specifically, that file should contain a copy of the agreement to cooperate; a debriefing report or outline of information that the cooperating individual (witness, defendant or informant can provide; the individual personal and criminal history; the amounts of any money paid to him for information and expenses; and any promises regarding potential sentencing in a criminal case.

In addition to this information, the file may contain internal memoranda written by IRS agents regarding the individuals credibility. These memoranda may discuss misconduct and may specify the basis for the individual's deactivation or showing unreliability. In the instant case, the criminal investigation logs and reports; the court order authorizing electronic surveillance and supporting affidavit ( United States v. Dorfman, 690 F. 2d 1217 (7th Cir. 1982); any and all government files on cooperating defendants Jacobson, Cruz and Callender and cooperating witness David Espinal (including, but not limited to, arrest and conviction records, plea agreements [ proposed, accepted or not], any informant and/or Cooperating Defendant Conduct Agreements containing rules which the

informant and/or cooperating defendant must follow while working for law enforcement (e.g., IRS Form 9831), any record of payments made to informants and/or cooperating defendants in this case; any debriefing reports or statements taken from informants and/or cooperating defendants; and the Internal Revenue Service Manual Rules and Regulations Governing the Conduct of Criminal Investigations (especially as it applies to the conduct of (a) electronic surveillance, and (b) the conduct of persons working for law enforcement) are necessary in order for the defense to adequately prepare for trial.

Without the disclosure of this information defense counsel is precluded from intelligently and effectively evaluating the balance of evidence gleaned from the transcripts provided and mounting an adequate defense. (*See*, e.g., United States v. Valenzuela-Bernal, 102 S. Ct. 3440 (1982). The defendants ability in this case to assert her Sixth Amendment right to confrontation has been seriously inhibited throughout the discovery process thus far, and Barnes right to due process is clearly implicated. A defendant should not, however, be deprived of information to prepare for a defense simply because the information sought is something the government doesn't want to disclose (for whatever reason).

This application is made in good faith and is not intended as a fishing expedition. Defense counsel believes that the IRS is in possession of this

information and should be made to disclose it.

DATED: Honolulu, Hawaii, February 14, 2006.

                                                ARTHUR E. ROSS
                                                Attorney for Defendant
                                                MARIA D. BARNES

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be duly served upon the following parties by personal service at the following addresses as set forth below:

THOMAS MUEHLECK, AUSA
United States Attorney's Office
PJKK Federal Building, Room 6-1000
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Attorney for Plaintiff
UNITED STATES OF AMERICA


DATED: Honolulu, Hawaii, February 14, 2006.

                                                             /s/ Arthur E. Ross
                                                             ARTHUR E. ROSS
                                                             Attorney for Defendant
                                                             MARIA D. BARNES