ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

JONATHAN M. F. LOO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: jonathan.loo@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 16 2006

at 3 o'clock and 17 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00367 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: November 16, 2006 |
| | ) | Time: 2:00 p.m. |
| MARIA BARNES, (01) | ) | Judge: Hon. Kevin S. C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, MARIA BARNES, and her attorney, Arthur Ross, Esquire, have agreed upon the following:

1.  Defendant acknowledges that she has been charged in the Indictment with violating Title 18, United States Code, Sections 1956 (a)(1)(B)(i), (a)(3)(B), and (h).

2. Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging her with knowingly and willfully conducting and conspiring to conduct financial transactions involving drug proceeds with the intent to disguise the nature, source, ownership, and control of the proceeds. The prosecution agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing.

5. Defendant agrees that the Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because she is in fact guilty of knowingly and willfully conducting and conspiring to conduct financial transactions involving drug proceeds with the intent to disguise the nature, source, ownership, and control of the proceeds as charged in Count 1 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which she is pleading guilty include:

        a.  up to 20 years imprisonment and a fine of up to $500,000, or twice the value of the property involved in the transaction, whichever is greater, plus a term of supervised release of not more than five years.

    In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

    8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

        a.  Defendant was a real estate agent involved in the purchase of Spinners bar located at 2463 Kuhio Avenue, Honolulu, Hawaii by David Espinal in July and August of 2001 for $350,000. $300,000 was to be paid to the seller, co-defendant Sanford Jacobson, and the defendant was to be paid a commission.

        b.  Defendant attempted to conceal Espinal's interest in the transaction by conveying documents and receipts

showing that Jacobson was dealing with D.D.R. Corporation and David Hernandez rather than David Espinal.

   c. On or about August 10, 2001, Defendant received $100,000 in United States currency from Espinal and paid it to Jacobson. Defendant took a false receipt to Jacobson for him to sign showing that the money had been received from David Hernandez, a principal in D.D.R. Corporation.

   d. On or about August 29, 2001, Jacobson received an additional $100,000 in United States currency from Espinal. Defendant received a copy of the false receipt signed by Jacobson showing that the money had been received from David Hernandez.

   e. On or about September 14, 2001, Jacobson received an additional $100,000 in United States Currency from Espinal and signed a false receipt showing that the money had been received from David Hernandez.

   f. In 2001, David Espinal was a large-scale crystal methamphetamine dealer and had no legitimate sources of income.

   g. Defendant knew that the money she received from David Espinal was the proceeds of Espinal's criminal activity.

   h. In 2003, Defendant met with an undercover agent who portrayed himself as an associate of Espinal who had more of Espinal's drug proceeds to launder.

    i. Defendant then introduced the undercover agent to co-defendant, George Callender, who agreed to launder the undercover funds for an 8% commission to be split equally between the defendant and Callender.

    j. On February 12, 2003, the undercover agent delivered $50,000 in United States currency to Callender which was subsequently exchanged for cashier's checks and money orders and returned to the undercover agent. Defendant and Callender were paid their commission by the undercover agent.

    k. On February 26, 2003, the undercover agent delivered $50,000 in United States currency to Callender which was subsequently exchanged for cashier's checks and money orders and returned to the undercover agent. Defendant and Callender were paid their commission by the undercover agent.

    l. On May 14, 2003, the undercover agent delivered $50,000 in United States currency to Callender which was subsequently exchanged for cashier's checks and money orders and returned to the undercover agent. Defendant and Callender were paid their commission by the undercover agent.

  9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense

behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a. That for purposes of USSG § 2S1.1(a)(2), the value of the laundered funds is more than $400,000 and less than $1,000,000.

   b. That for purposes of USSG § 2S1.1(b)(1), the Defendant knew that the laundered funds were proceeds of an offense involving the distribution of a controlled substance.

   c. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of

receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in

subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

   13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

   14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.  The Defendant understands that the Court will not accept an agreement

unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

    15.  Defendant understands that by pleading guilty she surrenders certain rights, including the following:

    a.  If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing

all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

      c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e. At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

      16. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

      17. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that she will fully cooperate with the United States.

    a. She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United

States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

   c. Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

   d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

   21. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and

evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.

Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

//

//

//

        d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

        DATED:  Honolulu, Hawaii, _____.

AGREED:

EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

*/s/ Maria Barnes*  
MARIA BARNES  
Defendant

*/s/ Florence T. Nakakuni*  
FLORENCE T. NAKAKUNI  
Chief, Narcotics Section

*/s/ Arthur Ross*  
ARTHUR ROSS, Esq.  
Attorney for Defendant

*/s/ Jonathan M. F. Loo*  
JONATHAN M. F. LOO  
Assistant U.S. Attorney